**Fill in this information to identify your case:**

| | | |
|---|---|---|
| Debtor 1 | **Amy Resendes Blood** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | |
| Case number: | | |
| (If known) | | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

---

District of South Carolina
# Chapter 13 Plan

5/19

### Part 1:   Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan**. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☑ Included | ☐ Not Included |

### Part 2:   Plan Payments and Length of Plan

**2.1**   The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$2,450.00** per **Month** for **60** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor | **Amy Resendes Blood** | Case number | |
|---|---|---|---|

**2.2   Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*

- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☑ The debtor will make payments directly to the trustee.
- ☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

- ☑ The debtor will retain any income tax refunds received during the plan term.

- ☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

- ☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

### Part 3:   Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan.  However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4).  Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1   Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*

- ☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

- ☐ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated.  The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

- ☑ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1.  In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

- ☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case.  Refer to section 8.1 for any nonstandard provisions, if applicable.

    *Insert additional claims as needed*

- ☐ **3.1(e) Other.**  A secured claim is treated as set forth in section 8.1.  This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

    *Insert additional claims as needed*

**3.2   Request for valuation of security and modification of undersecured claims.** *Check one.*

Debtor  **Amy Resendes Blood**                                    Case number

☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3**  **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*
☐ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or upon completion of the payment of its allowed secured claim in this case.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| **Acceptance Now** | Household Goods | $2,326.00 | 6.25% | $46.00 (or more) <br><br>Disbursed by:<br>☑ Trustee<br>☐ Debtor |
| **Capital One Auto Finance** | 2017 Toyota Highlander | $32,413.00 | 6.25% | $631.00 (or more)<br><br>Disbursed by:<br>☑ Trustee<br>☐ Debtor |

*Insert additional claims as needed.*

**3.4**  **Lien avoidance**.

*Check one.*
☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5**  **Surrender of collateral.**

*Check one.*
☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:  Treatment of Fees and Priority Claims**

**4.1**  **General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**  **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3**  **Attorney's fees.**

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining

| Debtor | **Amy Resendes Blood** | Case number | |
|---|---|---|---|

each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b.  If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4**   **Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation.*

☐   **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

a.  Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

b.  The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c.  Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5**   **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑   **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

---

**Part 5:**  **Treatment of Nonpriority Unsecured Claims**

**5.1**   **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑   The debtor estimates payments of less than 100% of claims.
☐   The debtor proposes payment of 100% of claims.
☐   The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2**   **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑   **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3**   **Other separately classified nonpriority unsecured claims.** *Check one*.

☑   **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

Debtor      **Amy Resendes Blood**                                         Case number

| Part 6: | Executory Contracts and Unexpired Leases |

6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one*.

☑   **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

| Part 7: | Vesting of Property of the Estate |

7.1   **Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

☑   Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐   **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

| Part 8: | Nonstandard Plan Provisions |

8.1   **Check "None" or List Nonstandard Plan Provisions**
☐   **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

**8.1 (a) Mortgage payments to be disbursed by the Trustee ("Conduit"):**

Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| Shellpoint Mortgage Servicing | 20 Abbey Road Elgin, SC 29045 Kershaw County TMS Number: E335-01-0D-006-SHC | $1,060.00 Escrow for taxes: Yes Escrow for insurance: No | $36.00 Or more | $13,500.00 | $225.00 Or more |

\* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.
\*\* The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.

**All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee, on a pro rata basis as funds are available.** See the Operating Order of the Judge assigned to this case.

District of South Carolina

Effective May 1, 2019                                    Chapter 13 Plan                                    Page 5

Debtor     **Amy Resendes Blood**                                   Case number

Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

Part 9:    **Signatures:**

9.1     **Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X   **/s/ Amy Resendes Blood**                          X
    **Amy Resendes Blood**                                  Signature of Debtor 2
    Signature of Debtor 1

    Executed on    **June 26, 2019**                     Executed on

X   **/s/ Eric S. Reed**                                Date    **June 26, 2019**
    **Eric S. Reed 7242**
    Signature of Attorney for debtor  DCID#

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

# United States Bankruptcy Court
### District of South Carolina

In re  **Amy Resendes Blood**  
Debtor(s)

Case No.  **19-03412**  
Chapter  **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **June 26, 2019**, a copy of **The Chapter 13 Plan** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**See attached mailing matrix-**

**/s/ Eric S. Reed**
**Eric S. Reed 7242**
**Reed Law Firm, P.A.**
**220 Stoneridge Drive, Ste 301**
**Columbia, SC 29210**
**803-726-4888Fax:803-726-4887**

```
Label Matrix for local noticing          ADVANCE AMERICA                          ATTORNEY GENERAL OF THE UNITED STATES
0420-3                                    762 WEST MAIN STREET                    DEPT OF JUSTICE ROOM 5111
Case 19-03412-dd                          Lexington SC 29072-2545                 10TH AND CONSTITUTION AVENUE NW
District of South Carolina                                                        Washington DC 20530-0001
Columbia
Wed Jun 26 15:24:37 EDT 2019

Acceptance Now                            Anthony Blood                           Amy Resendes Blood
Attn: Bankruptcy                          310 Ross Road                           20 Abbey Road
5501 Headquarters Drive                   Apt 13G                                 Elgin, SC 29045-9569
Plano TX 75024-5837                       Columbia SC 29223-4912


Capital One Auto Finance                  Catherines/Comenity                     Central Credit Services, LLC
Attn: Bankruptcy                          Attn: Bankruptcy                        9550 Regency Square Blvd
Po Box 30285                              Po Box 182125                           Suite 500
Salt Lake City UT 84130-0285              Columbus OH 43218-2125                  Jacksonville FL 32225-8169


Comenity Bank/Kingsize                    Crawford & von Keller, LLC              Credit One
Attn: Bankruptcy                          PO Box 4216                             6801 S Cimerron Road
Po Box 182125                             Columbia SC 29240-4216                  Las Vegas NV 89113-2273
Columbus OH 43218-2125


(p)DIGITAL FEDERAL CREDIT UNION           FHA c/o                                 Financial Data Systems
220 DONALD LYNCH BLVD                     US Dept of Housing & Urban Development  Attn: Bankruptcy
MARLBOROUGH MA 01752-4708                 451 7th Street, SW                      Po Box 688
                                          Washington DC 20410-0002                Wrightsville Beach NC 28480-0688


First Premier Bank                        I C System Inc                          IRS
Attn: Bankruptcy                          Attn: Bankruptcy                        PO Box 7346
Po Box 5524                               Po Box 64378                            Philadelphia PA 19101-7346
Sioux Falls SD 57117-5524                 St Paul MN 55164-0378


Kershaw County Treasurer                  Northeast Providence Hospital           RBS Citizens Cc
PO Box 622                                120 Gateway Corporate Blvd              1 Citizens Dr.
Camden SC 29021-0622                      Columbia SC 29203-9611                  Ms: Rop 15b
                                                                                  Riverside RI 02915-3035


Eric S Reed                               SC DEPARTMENT OF REVENUE                (p)SC DEPARTMENT OF EMPLOYMENT AND WORKFORCE
Reed Law Firm, PA                         PO BOX 12265                            PO BOX 8597
220 Stoneridge Dr., Suite 301             Columbia SC 29211-2265                  COLUMBIA SC 29202-8597
Columbia, SC 29210-8018


Shellpoint Mortgage Servicing             Pamela Simmons-Beasley                  US Trustee's Office
Attn: Bankruptcy                          250 Berryhill Road                      Strom Thurmond Federal Building
Po Box 10826                              Suite 402                               1835 Assembly Street
Greenville SC 29603-0826                  Columbia, SC 29210-6466                 Suite 953
                                                                                  Columbia, SC 29201-2448


US ATTORNEYS OFFICE                       US Department of Veteran Affairs        US Department of Veterans Affairs
JOHN DOUGLAS BARNETT ESQ                  PO Box 3978                             PO Box 8079
1441 MAIN STREET                          Portland OR 97208-3978                  Philadelphia PA 19101-8079
STE 500
Columbia SC 29201-2897
```

USDA
PO BOX 66827
Saint Louis MO 63166-6827

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| Digital Federal Credit Union | SC EMPLOYMENT SECURITY COMMISION | End of Label Matrix | |
|---|---|---|---|
| Attn: Bankruptcy | PO BOX 995 | Mailable recipients | 30 |
| Po Box 9130 | Columbia SC 29202 | Bypassed recipients | 0 |
| Marlborough MA 01752 | | Total | 30 |